UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA DELL GRIZZELL, | Case No.: 26-cv-3116-BJC-GC |
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| v. | |
| SAN ELIJO ELEMENTARY SCHOOL; et al., | |
| Defendants. | **[ECF No. 1, 2]** |

On May 19, 2026, La Dell Grizzell, proceeding *pro se*, filed the instant complaint against San Elijo Elementary School and San Marcos Unified School District. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons discussed below, the Court **DENIES** Plaintiff's motion to proceed IFP and dismisses the complaint without prejudice.

## DISCUSSION

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court.

1

*Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In her application, Plaintiff represents that she has been unemployed for the past two years and has no funds in any bank account. She further states that she owns no vehicle, real property, or business, and that her only source of income is $1,060 per month in child support. At the same time, Plaintiff reports monthly expenses totaling approximately $7,200. The application does not explain how these expenses are paid in light of her claimed lack of income and assets.

Given the absence of sufficient detail regarding Plaintiff's financial circumstances, the Court cannot determine whether she lacks the resources to pay the filing fee while still affording the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Because the application lacks the requisite particularity, definiteness, and certainty, Plaintiff has not established entitlement to proceed IFP. Accordingly, Plaintiff's motion to proceed IFP, ECF No. 2, is **DENIED** without prejudice.

### CONCLUSION

In light of the foregoing, Plaintiff's motion to proceed IFP is **DENIED** without prejudice. ECF No. 2. Accordingly, the Complaint is **DISMISSED** without prejudice. ECF No. 1. Plaintiff shall have until July 2, 2026, to pay the entire filing fee or file a renewed application to proceed IFP. Failure to pay the filing fee or file a renewed application to proceed IFP will result in this case being closed without further order from the court.

**IT IS SO ORDERED.**

Dated:  June 2, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

2

26-cv-3116-BJC-GC